UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>AMOS CARRASQUILLO | Docket No. 23-CR-10186-ADB |

**AMOS CARRASQUILLO'S RESPONSE TO COURT ORDER AT DOCKET ENTRY 377**

Amos Carrasquillo respectfully advises this Court that he is not prepared to move to pretrial conference in October for the reasons detailed below. In summary, the volume of discovery is vast—this alleged RICO conspiracy spans nearly two decades of conduct. Mr. Carrasquillo has had limited access to global discovery. Most of the discovery produced related to Mr. Carrasquillo's actual conduct was only produced in late March 2025, nearly a year into this litigation.[1] In the view of the defendant, discovery production and review are ongoing. There are also significant legal issues which need further time to investigate and litigate. Lastly, the government has suggested that superseding charges may be forthcoming which would radically alter scope of the defense necessary.

The United States alleges conduct by Mr. Carrasquillo that began in 2006 and continued until his arrest in February 2024. Somewhat uniquely, two specific allegations

---

[1] Productions 10, 11, 12

against Mr. Carrasquillo include crimes for which he was previously tried before a jury.[2] Both underlying factual allegations are now presented by the United States as acts in furtherance of the Heath Street RICO. Two new allegations, that a firearm and controlled substances were found in the apartment in which he was arrested on this case, are as-yet uncharged.

The March 2025 production reflected the potential that Mr. Carrasquillo's charge could be superseded to include murder, drug, and firearm charges. Before his charge is superseded, counsel is limited in his ability to pursue a bill of particulars, suppression, or other litigation related to this conduct.

## TIMELINE

This prosecution began in May 2023.[3] Mr. Carrasquillo was one of more than a dozen additional defendants added nearly a year later, on February 14, 2024. The previously charged drug and firearm case against Mr. Lyons was converted to a sprawling RICO conspiracy. The government alleged that a 'Heath Street' criminal organization reached back to the 1990s and involved murders, crimes of violence, drugs crimes, witness intimidation, and various other crimes across various states.[4] The investigation was claimed to have spanned decades and involved at least 10 federal and state law enforcement agencies.

---

[2] In 2007, Mr. Carrasquillo was convicted of drug crimes in this Court and sentenced to (an eventual) eight years in prison. In 2018, Mr. Carrasquillo was acquitted of murder and gun charges in state court.
[3] See Docket Entry 4, dated May 24, 2023.
[4] See Motion for Detention, filed February 14, 2024.

From the earliest status reports, the United States alerted the Court that discovery was ongoing. In practice, that meant several months were spent negotiating protective orders,[5] engaging a Coordinating Discovery Attorney tasked with processing vast amounts of data for review,[6] and conferring with the assigned United States Attorneys about discovery and resolution.[7]

Most of the early discovery was so-called 'global discovery' and not client-specific. To focus discovery review, counsel met with AUSA Michael Crowley and others on October 23, 2024. Counsel left that meeting with some guidance on specific areas of focus and an understanding that Mr. Carrasquillo's charge would likely be superseded if not resolved. Mr. Crowley also shared his willingness to load laptops for client access at Wyatt.

The defendants suffer from limited access to global discovery. Mr. Carrasquillo and his codefendants are uniquely qualified to review and inform counsel about this information because it describes events and communities they know and we don't. To this end, on October 30, 2024, counsel sent an email to CJA Budgeting Attorney Michael Andrews joining others in calls for the provision of laptops to Wyatt to ensure that clients could review discovery materials. Mr. Andrews promptly replied and counsel understood it was likely that provision of laptops was imminent. On November 8, 2024, counsel met with Coordinating Discovery Attorney John Ellis and his team for the same purpose. Attorney Ellis expressed an ability and willingness to help with the sending

---

[5] See Docket Entry 213, dated September 19, 2024, endorsing the Protective Order.
[6] According to an email for CDA Ellis, he was appointed by Order of this Court on May 30, 2024.
[7] See status reports of CDA, not docket but regularly filed.

drives with global data capable on connection to whatever laptop was acquired. To be fair, although counsel alerted these parties to this issue, counsel failed to undertake the acquisition and provision of the needed laptops, an oversight in hindsight. Fortunately, the most recent status report filed by the United States on August 11, 2025, explained that the government was currently loading discovery on two laptops to be sent to Wyatt.[8] But to be clear, Wyatt still doesn't have laptops with global discovery according to Mr. Carrasquillo.

Most of the discovery related to specific conduct of Mr. Carrasquillo was provided in March 2025. This discovery supported allegations of: previously uncharged witness intimidation; a 2006 federal charge which was tried to a jury in 2007 and resulted in conviction; a shooting in which Mr. Carrasquillo was shot but which the government believes they could charge him with firearms charges, controlled substance and firearms crimes stemming from the date of his arrest on the instant matter (still uncharged); and most seriously, an alleged murder for which the defendant was acquitted in a Massachusetts state court seven years ago.

Counsel has at all times forwarded client-specific materials to Mr. Carrasquillo. On several occasions, those mailings never reached Mr. Carrasquillo and had to be re-sent. Wyatt prohibits counsel from bringing documents to leave with their clients.

It adds to the investigative and discovery workload that two of the offenses detailed in the March 2025 discovery were previously tried to a jury. Mr. Carrasquillo

---

[8] Docket Entry 375.

stood trial in July 2007 for a drug distribution allegation. In 2018, Mr. Carrasquillo was acquitted by a Suffolk County jury of murder and gun charges.

Undersigned counsel actually participated in that 2007 drug trial. Heath Street Gang was not alleged to have animated Mr. Carrasquillo's conduct when it was presented to the jury in 2007. There are interesting but as-yet undeveloped legal issues related to this previously tried matter and that remaining work is another reason counsel is not yet ready for a pretrial conference.

The United States also suggested it intends to prove Mr. Carrasquillo committed a murder in furtherance of the Heath Street RICO. The March 2025 productions contained some discovery to support their position. Noticeably absent from that discovery were transcripts of the trial of Mr. Carrasquillo for that murder which ended with an acquittal on all charges. The 2018 murder trial was over a month long.[9] As a matter of course, no transcript was generated because the trial resulted in acquittal. On May 13, 2025, after a series of emails to various clerks, counsel assembled a list of the court reporters from the 2018 trial, many of whom had retired. Further complicating assembly of that record is that trial occurred while the Suffolk Superior Court was transitioning to a system called For The Record (FTR) and so for some dates of trial it is unclear where the record might be.

On April 11, 2025, counsel interviewed Attorney Bernard Grossberg, who was counsel for Mr. Carrasquillo in that acquittal. Based on counsel's interview of Attorney

---

[9] Empanelment began November 7, 2018 and verdict entered on December 18, 2018.

Grossberg, review of the materials provided by the United States, and other investigation, counsel believes that the State trial prosecution asserted a very different, non-gang related motive for Mr. Carrasquillo's alleged crime.

The discovery issues related to the prior murder trial are significant. So, too, are the legal issues for which counsel has begun his research but still has substantial time to commit. Although the doctrine of separate sovereigns generally bars double-jeopardy claims, this may not be true when the crime charged (murder) must proceed on elements drawn from state law.[10] If the United States supersedes or otherwise intends to prove this murder in federal court, this will require substantial litigation time.

## CONCLUSION

In summary, from its inception in May 2023 until February 2024, Mr. Carrasquillo was not part of this case. The next year was largely dedicated to negotiation of protective orders, production of global discovery, and involvement of the CDA. Defendants still lack laptops where they can access this global discovery. In March 2025, more than a year after his arrest, the CDA received discovery which supported allegations against Mr. Carrasquillo. That discovery is incomplete but many outstanding items may not be subject to automatic discovery rules. Counsel continues to investigate and pursue the necessary information. There are still discovery and legal issues related to the case as charged, and even more related to the prospective charges.

---

[10] See generally, U.S. v. Louie, 625 F.Supp. 1327 (1985).

For all these reasons, counsel responds to the Court's order that additional time is needed for review of this matter. What needs to be done in order for counsel to be ready: (1) counsel intends to file a request for an additional CJA Attorney to be appointed to assist in Mr. Carrasquillo's defense; (2) the promised laptops need to be provided to Wyatt and the defendants need adequate time to access them; (3) final charging decisions must be made about the scope of allegations against Mr. Carrasquillo and likely others, (4) if superseded, Mr. Carrasquillo will pursue additional Rule 16 and perhaps Rule 17 discovery and (5) litigation related to the impact the two prior jury trials have on whether the United States can proceed without regard to the double-jeopardy or estoppel issues that may be present.

Respectfully submitted,

AMOS CARRASQUILLO,
By his attorney,

*/s/ Leonard E. Milligan III*
Leonard E. Milligan III
BBO #668836
28 State Street-Suite 802
Boston, MA 02109
len@attorneymilligan.com
Tel.617.395.9493| Fax 855.395.5525